UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CRYSTAL JEAN HAMANN,**

    **Petitioner,**

v.                                             Civil Action No. 4:23-CV-098-P

**MICHAEL SMITH, Warden,**
**FMC-Carswell,**

    **Respondent.**

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Crystal Jean Hamann ("Hamann"), a federal prisoner then confined at FMC-Carswell, against Michael Smith, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by petitioner Hamann, the Court concludes that the § 2241 petition must be **DISMISSED**.

### I. BACKGROUND

Petitioner Hamann continues to serve her 121 month term of imprisonment on her 2016 conviction in the United States District Court for the Western District of Texas for conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine and/or 500 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Judgment, *United States v. Hamann*, Criminal Action No. 7:16-CR-035-RAJ-1, ECF No. 98.[1]

Although Hamann was housed at FMC-Carswell when she filed this suit, she has since been transferred to a residential reentry center on April 19, 2023. Pet. 1, ECF No. 1; App. 2, ECF No. 8. Her projected release date is October 29, 2023, via First Step Act (FSA) release with the application of 365 days of FSA time credits. App. 7-9, ECF No. 8; www.bop.gov last visited August 3, 2023.

### II. GROUND FOR RELIEF

---

[1] The Court takes judicial notice of the records of the United States District Court for the Western District of Texas. See Fed R. Evid. 201(a)(2) and (c)(1),

Hamann seeks relief under § 2241 alleging that the Bureau of Prisons (BOP) has failed to apply 365 days of FSA Time Credits for her participation in classes and programs during her time in BOP custody to her sentence calculation. Pet. 7, ECF No. 1. She requests the Court order her immediate release based on the programs she has completed over the years, and order the BOP to immediately apply 365 days of FSA time credits. Pet, 8, ECF No. 1.

### III. ANALYSIS

#### A. The First Step Act's Provisions Regarding Time Credits

The FSA, Public Law No. 115-391, *enacted into law on December 21, 2018*, addresses reentry of the incarcerated, directing the BOP to take specific actions regarding programming, good-time credit, and compassionate release, among other issues. Congress created a system of earned time credits and other incentives to encourage eligible inmates to participate in programming. 18 U.S.C. § 3632(d). On January 13, 2022, the Department of Justice announced the new rule on FSA credits. The January 19, 2022, edition of the Federal Register included the final rule on FSA time credits. This rule took into consideration several comments received during the notice and comment period with respect to the earning, loss of, and application of FSA time credits. And, the new rule affected Hamann's sentence calculation.

#### B. Petitioner's Claim is Now Moot

As noted, Hamann requests in this action that the Court order the BOP to assign all time credits so she will receive 365 days off her sentence. But Hamann has now received 365 days off her sentence and the credits are being applied, making her projected release date, as noted above, October 29, 2023. Response 5-6, ECF No. 7; App. 1-2, ECF No. 8.

Under Article III of the Constitution federal courts may adjudicate only "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) (citations omitted. An actual controversy must exist at all stages of review, not just when the case is filed. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009). If a dispute has been resolved or if it has "evanesced because of changed circumstances, including passage of time, it is considered moot." *AMA v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (citation omitted). A case is moot when the court can no longer grant any effectual relief. *See Motient Corp. v. Dondero*, 529 F.3d 532,

537 (5th Cir. 2008). If a case is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 15-16 (5th Cir. 1978).

Hamann has received the 365 days of FSA credits toward release which is the same relief she requested in the petition. The Court cannot grant her any further relief. Therefore, her claim is moot and must be dismissed. To the extent Hamann is requesting immediate release, there is no legal basis for such request. The Respondent informs that the FSA limits the maximum amount of time credits applied toward supervised release to 12 months of credits. Resp. 6, ECFf No. 7. She has already received that credit.

Therefore, as the petition under § 2241 is moot, it must be dismissed for lack of jurisdiction.

### IV.   ORDER

For the reasons discussed herein, Crystal Jean Hamann's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **7th day** of **August, 2023.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE